## Case No. 2,111.

### The BUFFALO.

[24 Int. Rev. Rec. 6.]

District Court, E. D. Michigan. May 28, 1877.

MARITIME LIENS—PRIORITY.

Where work was done in converting a steamboat into a barge by taking out the engine and putting the necessary repairs upon the hull, *held,* that libellant had a lien upon the hull alone, but that other parties having a lien upon the steamboat as she was might be compelled to exhaust their remedy against the engine before resorting to the hull.

In admiralty. A libel was filed in the usual form against the "Buffalo" for repairs, and for work and labor done in fitting her for the purpose of a tow barge, intended for the carriage of lumber.

G. W. Moore, for libellants.

F. H. Canfield, for respondent.

BROWN, District Judge. It appears that prior to the services in question, the barge had been a steam propeller; that her owner had caused her boiler to be removed, and was proceeding to remove the engine, when she was taken to libellants' dock, to be converted into a tow barge. Claimants employed an engineer who superintended and assisted in removing the engine. It appears that libellants' men were engaged incidentally in pulling up the bed plate, taking out the cylinder, breaking the coupling and getting out the shaft, but their main work was done in putting her in a condition to be used as a barge. Process was prayed in the libel against the barge, "her engines, boats, tackle and apparel and furniture," and the marshal in fact attached the engine as well as the hull. After the engine was taken out, it was laid upon the deck of the barge for storage, and is now no part of the vessel.

I regard the work done upon the engine as a mere incident to the principal job of repairing the hull, and putting it in a condition to be used as a barge, and therefore that the libellants are entitled only to lien upon the hull. It has been repeatedly decided that the existence and extent of a lien is determined by the contract. If, for instance, a party be employed as a seaman, he may recover for the time in which he is engaged incidentally in repairing or watching the vessel, or in doing work upon the land. The Mary [Case No. 9,190]. But I think the libellants are not without remedy. Those parties who have a lien against the propeller as she originally was, including her engine, may be required first to exhaust their remedy against the engine before receiving any portion of the proceeds of the hull. To effectuate this, the court would order a separate sale of the barge and of the engine, and a separate account to be kept of the proceeds. A decree will be entered against the hull alone.

BUFFALO, The, (HALL v.). See Case No. 5,-927.

BUFFALOE, The (SAVAGE v.). See Case No. 12,382.

BUFFALO, N. Y. & P. R. CO. (SICARD v.). See Case No. 12,831.

BUFFALO PARK (UNITED STATES v.). See Case No. 14,681.

BUFFINGTON (BULKLEY v.). See Case No. 2,117.

BUFFINGTON (DAY v.). See Case No. 3,-675.